IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROLAND C. ANDERSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 12-1119-LPS |
| LOCAL 435 UNION, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington this 17th day of September, 2013;

IT IS HEREBY ORDERED that:

1. Plaintiff Roland C. Anderson ("Plaintiff") filed this employment discrimination case on September 11, 2012. (D.I. 1) He appears *pro se* and has paid the filing fee. Pending before the Court is Plaintiff's motion for default judgment against General Motors Corp. ("GM Corp.), opposed by General Motors LLC ("GM LLC"). (D.I. 8, 9) Plaintiff seeks default judgment for a sum certain. (D.I. 8)

2. The proof of service indicates that a summons for General Motors was served upon attorney Michael Busenkell ("Busenkell") on October 4, 2012. (*See* D.I. 7) GM LLC opposes the motion on the grounds that Busenkell is not authorized to receive service of process on behalf of GM LLC. It further opposes the motion on the grounds the Plaintiff did not effect service upon the proper party. GM LLC explains that it appears Plaintiff intended to name as a defendant GM Corp., which is a distinct and different entity from GM LLC. Finally, GM LLC

1

indicates that GM Corp. is currently in bankruptcy and is now doing business as Motors Liquidation Company. Plaintiff did not reply to the opposition.

3. Entry of default judgment is a two-step process. *See* Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the clerk of the court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. *See* Fed. R. Civ. P. 55(a). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Here, there has been no entry of default. Therefore, the motion for default judgment is premature. Moreover, it appears that Plaintiff did not properly name and/or serve the correct defendant. *See* Fed. R. Civ. P. 4(h).

4. The motion for default judgment (D.I. 8) is DENIED as premature. Plaintiff is given an additional THIRTY (30) DAYS to effect service upon the proper party General Motors party.

_____
UNITED STATES DISTRICT JUDGE