## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON,

                          Plaintiff,

v.                                              C.A. No. 1:12-cv-01119-LPS

GENERAL MOTORS LLC, et al.,

                          Defendants.

## MEMORANDUM IN SUPPORT OF DEFENDANT GENERAL MOTORS LLC'S
## MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)

OF COUNSEL:

Angela M. Tsevis (*pro hac vice pending*)
LATHROP & GAGE LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO  64108-2618
Telephone: 816.460.5603
Facsimile: 816.292.2001
atsevis@lathropgage.com

*Attorneys for Defendant General Motors
LLC*

Dated: October 31, 2013

Matthew F. Boyer (#2564)
Mary I. Akhimien (#5448)
CONNOLLY GALLAGHER LLP
1000 West Street, Suite 1400
Wilmington, DE 19801
Telephone: 302.252.3645
Facsimile: 302.757.7271
mboyer@connollygallagher.com
makhimien@connollygallagher.com

20894450v1

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

PROCEDURAL BACKGROUND........................................................................................ 1

LEGAL STANDARD............................................................................................................ 3

ARGUMENT.......................................................................................................................... 4

I.     Plaintiff's claims of discrimination related to his employment are untimely and barred by the doctrine of res judicata............................................................................ 4

II.    Plaintiff's belated attempt to recover from GM under state law for an alleged workplace injury and disability benefits fails as a matter of law........................................ 6

CONCLUSION........................................................................................................................ 7

20894450v1

## TABLE OF AUTHORITIES

Page(s)

CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................3

*In re Mullarkey*,
    536 F.3d 215 (3d Cir. 2008)..................................................................................5

*LG Electr. U.S.A., Inc. v. Whirlpool Corp., C.A.*
    No. 10-311-GMS, 2011 U.S. Dist. LEXIS 111059 (D. Del. Sept. 29, 2011).........................3

*Phillips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008)..................................................................................3

*Shaw v. Delta Airlines, Inc.*,
    463 U.S. 85 (1983)................................................................................................6

*Toscano v. Connecticut Gen. Life Ins. Co.*,
    288 F. App'x. 36 (3d Cir. 2008) ...........................................................................4

*United States v. Athlone Industries, Inc.*,
    746 F.2d 977 (3d Cir. 1984)..................................................................................5

*Watson v. Eastman Kodak Co.*,
    235 F.3d 851 (3d Cir. Pa. 2000)............................................................................4

STATUTES

19 Del. C. §§ 710-718...............................................................................................4

19 Del. C. § 2304 ......................................................................................................6

29 U.S.C. § 626(d)(2) ...............................................................................................4

29 U.S.C. § 1144(a) ..................................................................................................6

42 U.S.C. § 2000e-5(e)(1).........................................................................................4

42 U.S.C. § 12117(a) ................................................................................................4

Age Discrimination in Employment Act ("ADEA") ................................................4

Americans with Disabilities Act ("ADA") ..............................................................4

Employee Retirement Income Security Act ("ERISA")...................................................................6

Title VII of the Civil Rights Act of 1964 ("Title VII") ...........................................................1, 4

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ................................................................................1, 3

20894450v1

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant General Motors LLC ("GM") respectfully moves this Court to dismiss with prejudice any and all claims set forth by *pro se* plaintiff Roland C. Anderson.   As grounds for its Motion, GM offers the following Memorandum in Support:

## INTRODUCTION

Plaintiff Roland C. Anderson, who has not worked for GM in over 30 years, continues to pursue discrimination claims against GM challenging the separation of his employment.  While his Complaint in the instant action is disjointed and difficult to discern, plaintiff appears to contend that GM's decision to discharge him in 1982 was discriminatory and that he is entitled to recover for an alleged work-related injury that occurred during the same year.[1]  However, as fully detailed below and in the Court's prior Orders, plaintiff's claims regarding his discharge and employment status are untimely, improper and barred by the dismissal of his prior lawsuits against GM.  Even construing the Complaint liberally, plaintiff cannot articulate a cognizable cause of action, and therefore the Court should dismiss plaintiff's claims against GM with prejudice.

## PROCEDURAL BACKGROUND

Plaintiff first filed suit against GM in 1992, alleging GM violated Title VII of the Civil Rights Act of 1964 ("Title VII") by failing to recall plaintiff following his release from GM because of his race.  *See* Case No. 92-CV-335-RRM, April 7, 1993 Order, attached hereto as Exhibit 1.  District Judge McKelvie granted GM summary judgment, finding plaintiff's claims to be untimely and without foundation in fact or law.  Exhibit 1, pp. 3-7.  Plaintiff filed a second

---

[1] Plaintiff has attached numerous documents to his Complaint but has failed to provide any explanation of how these documents support his claims against GM.  For example, plaintiff submitted an affidavit from 1992 that appears to be from one of his previous lawsuits against GM, but it is unclear how the affidavit relates to the current suit and bolsters GM's argument that plaintiff is seeking to recover for alleged events formerly presented to the Court. *See* Pl's Complaint, D.I. 1, pp. 7-9.

lawsuit against GM in 1998, which was dismissed by the Court as "frivolous in that it has no basis in law." Case No. 1:98-CV-45-JJF, D.I. 1, attached hereto as Exhibit 2.

In 2003, plaintiff filed a third lawsuit contending that GM's decision to lay him off in 1982 was discriminatory and that his former union, Local 435 of the United Automobile Workers of America, failed to inform him of GM's alleged discriminatory conduct. *See* Case No. 1:03-CV-275-JJF, D.I. 42, March 29, 2004 Order, attached hereto as Exhibit 3. In granting GM and the union summary judgment, the Court ruled that plaintiff's claims related to his employment with GM were time barred and rejected plaintiff's tolling argument. Exhibit 3, pp. 3-5.

Plaintiff sued GM again in 2005 and 2006 alleging race discrimination and retaliation with respect to GM's classification of his separation status, the alleged denial of employment benefits and GM's failure to rehire him. *See* Case No. 1:05-CV-877-LPS, D.I. 93, April 28, 2008 Order, attached hereto as Exhibit 4 and Case No. 1:06-CV-669-JJF.[2] District Judge Farnan entered summary judgment against plaintiff, finding his claims related to his employment status and release from GM to be precluded by the doctrine of *res judicata*. Exhibit 4, pp. 6-7. As a result of plaintiff's multiple attempts to assert claims against GM already litigated and decided, Judge Farnan ordered that plaintiff be required to obtain permission from the Court prior to filing any future employment-related claims against GM. Exhibit 4, pp. 7-8.

Plaintiff has now initiated a sixth lawsuit against GM in which he purports to assert violations of federal antidiscrimination laws and state law. While far from clear, the gravamen of this action appears to be that GM wrongfully terminated plaintiff after he was injured on the job in 1982, thereby denying him benefits to which he believes he should have been entitled

---

[2] In 2007, the court consolidated the two cases into one action. *See* Case No. 05-CV-877-JJF, D.I. 24.

05075729.docx

more than 30 years ago.  Based on the foregoing background, plaintiff's Complaint in this action should be dismissed because his claims are untimely and prohibited by the well-established doctrine of *res judicata*.  Moreover, to the extent plaintiff seeks to recover from GM under state law for an alleged workplace injury and related benefits, any such claim is barred.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the complaint must make factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Put another way, the plaintiff must "nudge [the] claim across the line from conceivable to plausible." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 555).    A court must "accept all factual allegations [in the complaint] as true, construe the complaint in the light most favorable to the plaintiff and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."    *Id.*   However, a court should reject legal conclusions unsupported by factual allegations because conclusions masquerading as allegations "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering the instant Motion, the Court may properly consider the existence of records in plaintiff's previous actions—particularly in a circumstance such as this, where the Court's task is to determine whether a later-filed lawsuit raises claims that were, or should have been, at issue in earlier-filed suits. *See LG Electr. U.S.A., Inc. v. Whirlpool Corp., C.A.* No. 10-311-GMS, 2011 U.S. Dist. LEXIS 111059, at *3-4 (D. Del. Sept. 29, 2011) (noting that "[a]lthough the court may not generally consider evidence beyond the complaint in deciding a Rule 12(b)(6) motion, when a motion to dismiss is based upon the defense of claim preclusion, the court may take judicial notice of the record in the [previous] action in reaching its determination"); *see also Toscano v. Connecticut Gen. Life Ins. Co.*, 288 F. App'x. 36, 38 (3d

- 3 -

Cir. 2008) ("The defense of claim preclusion...may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision. Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties."). For the reasons set forth below, GM respectfully submits that application of the foregoing standards inextricably leads to the conclusion that plaintiff's Complaint should be dismissed with prejudice in its entirety.

## ARGUMENT

I.   **Plaintiff's claims of discrimination related to his employment are untimely and barred by the doctrine of *res judicata*.**

As a threshold matter, all of plaintiff's claims related to his employment at GM (which ended in 1982) are not only untimely but have been addressed on prior occasions by this Court. In his Complaint, plaintiff purports to pursue claims of discrimination under Title VII, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA").  Pl's Complaint, D.I. 1, pp. 1-2, 14.  However, plaintiff's attempt to obtain relief under federal law for GM's alleged employment discrimination on the basis of race, disability and and age may proceed only if plaintiff filed an administrative charge of discrimination within 300 days of the unlawful employment actions he challenges.  *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA); 29 U.S.C. § 626(d)(2) (ADEA); *see also Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. Pa. 2000) (explaining the statutory administrative exhaustion requirement under federal antidiscrimination laws).[3]  As plaintiff acknowledges in his Complaint, he last worked for GM in 1982, and thus the deadline to raise any employment discrimination claims has passed by a significant period of time.

---

[3] The Delaware Discrimination in Employment Act, the state equivalent to Title VII, similarly requires a plaintiff to exhaust administrative remedies before filing suit.  19 Del. C. §§ 710-718 .

While plaintiff attached to his Complaint a Charge of Discrimination dated November 7, 2011 dually filed with the Equal Employment Opportunity Commission and the Delaware Department of Labor, the Charge merely challenges GM's decision to terminate plaintiff in 1982 and is therefore untimely. Pl's Complaint, D.I. 1, p. 48. Plaintiff appears to contend in the administrative Charge that he first learned of his termination in September 2011; however, any such assertion is disingenuous given plaintiff's repeated attempts to recover for his separation from GM as outlined above. *See* Exhibits 1-4. Plaintiff unquestionably had knowledge of GM's alleged acts of discrimination decades ago.

Furthermore, plaintiff's discrimination claims fail for the independently sufficient reason that they are barred by the doctrine of *res judicata*, which precludes "not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). All the factors required for the application of *res judicata* are present here: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Id.* (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). The Third Circuit takes a "broad view of what constitutes identity of causes of action [for the purposes of res judicata] – an essential similarity of the underlying events giving rise to the various legal claims." *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 984 (3d Cir. 1984) (internal quotations omitted).

In this case, plaintiff raised virtually identical workplace discrimination claims in his previous suits against GM. Specifically, plaintiff has filed *five* prior lawsuits objecting to his employment status, the manner he was listed in GM records, his alleged recall rights and for numerous alleged deficiencies in how he was treated by GM and his union. *See* Exhibits 1-4. Judge Farnan's March 29, 2004 Order dismissed plaintiff's claims as untimely and found that

tolling was not applicable to any of his claims.  Exhibit 3.  The Court also found that plaintiff could not state a cognizable claim of discrimination or retaliation.  *Id.*  Moreover, Judge Farnan previously ruled that any claims related to plaintiff's employment with GM have been, or should have been, litigated as part of plaintiff's prior suits and are consequently precluded by *res judicata.* Exhibit 4.

Now, for the sixth time since his employment ended, plaintiff apparently seeks to hold GM liable for terminating him.  All acts that form the basis of any such claim occurred back in 1982, and plaintiff cannot pursue this claim now for all the reasons listed in the Orders addressing and dismissing plaintiff's claims regarding his layoff and any action related to his employment.  For these reasons, all of plaintiff's claims related to his prior employment with GM should be dismissed.

## II.    Plaintiff's belated attempt to recover from GM under state law for an alleged workplace injury and disability benefits fails as a matter of law.

To the extent plaintiff seeks to raise a claim for a workplace injury allegedly sustained while he was employed by GM in the early 1980's, any such claim is not only untimely but also barred by the exclusive remedies provision of Delaware's Workers Compensation Act.  *See* 19 Del. C. § 2304 (stating that Delaware's workers compensation law is the exclusive remedy for work-related injuries).  In a similar vein, to the extent plaintiff attempts to assert a state law claim related to the denial of disability benefits under a GM-UAW benefits program, such a claim is preempted by federal law.  It is well established that the Employee Retirement Income Security Act ("ERISA") preempts state law claims relating to employee benefit plans.  29 U.S.C. § 1144(a); *see Shaw v. Delta Airlines, Inc.*, 463 U.S. 85 (1983) (ERISA's preemptive force encompasses state statutory and common law that, through interpretation, could relate to an employee welfare benefit plan.).  Accordingly, plaintiff cannot set forth a claim upon which

- 6 -

relief may be granted related to any workplace injury or disability benefits.  Plaintiff's most recent effort to recover from GM amounts to nothing more than an improper attempt to add new labels to old claims, and as a result, his Complaint should be dismissed.

## CONCLUSION

Based on the foregoing, defendant General Motors LLC respectfully requests that plaintiff's Complaint be dismissed with prejudice, that it be granted its fees and expenses in defending itself from plaintiff's claims, and for such other and further relief the Court deems appropriate.

Respectfully submitted,

Dated:  October 31, 2013

By: */s/ Mary Akhimien*
Matthew F. Boyer (#2564)
Mary I. Akhimien (#5448)
CONNOLLY GALLAGHER LLP
1000 West Street, Suite 1400
Wilmington, DE  19801
Telephone: 302.252.3645
Facsimile: 302.757.7271
mboyer@connollygallagher.com
makhimien@connollygallagher.com

OF COUNSEL:
Angela M. Tsevis (*pro hac vice pending*)
LATHROP & GAGE LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO  64108-2618
Telephone:  816.292.2000
Facsimile:  816.292.2001
atsevis@lathropgage.com

*Attorneys for Defendant*
*General Motors LLC*

05075729.docx

## CERTIFICATE OF SERVICE

I, Mary I. Akhimien, hereby certify that on October 31, 2013, I caused a copy of the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the counsel of record.  I further certify that on October 31, 2013, I caused a copy of the foregoing document to be served on the following *pro se* litigant by first class U.S. mail, postage prepaid, and by certified mail, return receipt requested:

> Mr. Roland C. Anderson
> 113 Lloyd Street
> Wilmington, DE 19804

CONNOLLY GALLAGHER LLP

*/s/ Mary I. Akhimien*
Matthew F. Boyer (#2564)
Mary I. Akhimien (#5448)
CONNOLLY GALLAGHER LLP
1000 West Street, Suite 1400
Wilmington, DE  19801
Telephone: 302.252.3645
Facsimile: 302.757.7271
mboyer@connollygallagher.com
makhimien@connollygallagher.com

- 8 -