IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROLAND C. ANDERSON           :
                             :
         Plaintiff           :
                             :
    v.                       :    Civ. No. 12-1119-LPS
                             :
LOCAL 435 UNION, et al.,     :
                             :
         Defendants          :

## MEMORANDUM ORDER

At Wilmington this 30th day of September, 2014;

IT IS HEREBY ORDERED that:

1. Plaintiff Roland C. Anderson ("Plaintiff") filed this case against Defendants Local 435 and General Motors LLC (collectively, "Defendants") on September 11, 2012. (D.I. 1) Plaintiff alleged violations of employment discrimination laws, labor laws, tort law, and an employee insurance policy, seeking as relief back pay, restoration of benefits, and damages for pain and suffering. Pending before the Court are General Motors LLC's ("GM") motion to dismiss under Rule 12(b)(6) (D.I. 13),[1] Plaintiff's motion for leave to file a sur-reply to GM's motion to dismiss, (D.I. 25) and Plaintiff's motion for default judgment under Rule 37 (D.I. 19).

2. Plaintiff's only reason for seeking to file a sur-reply is that he "would like to respond to GM['s] reply brief." (D.I. 25) "A Court may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments." *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co. Ltd.*, 291 F.R.D. 75, 80 (D. Del. 2013). Plaintiff's request does not address this standard, and he does not provide his proposed sur-reply. His request to file a sur-reply is

---

[1] Defendant Local 435 has not joined GM's motion to dismiss.

denied.

3. Plaintiff purports to bring his motion for a default judgment pursuant to Fed. R. Civ. P. 37(b)(2)(A). (D.I. 19 at 1) But Rule 37(b)(2)(A) permits sanctions when there has been a failure to obey a discovery order. There have been no discovery orders in this case. Plainly, no Rule 37 sanctions could be imposed here.[2]

4. By its motion to dismiss, GM contends that Plaintiff's claims are barred by *res judicata* due to prior litigation between the parties, that his claims for compensation for his workplace injury are also barred by Delaware's Workers' Compensation Law, and that his claim for recovery under the insurance policy is also preempted by ERISA. (D.I. 13, 14) The Court agrees with GM.

5. When reviewing a motion to dismiss for failure to state a claim on which relief may be granted, the Court must accept as true all material allegations of the complaint. *See* Fed. R. Civ. P. 12(b)(6); *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted). The Court may consider

---

[2]It may be that Plaintiff intended to move for default judgment pursuant to Fed. R. Civ. P. 55. If so, he has failed to make the necessary showing under this Rule as well. *See Allen v. Prince*, 2013 WL 5273300, at *3 (D. Del. Sept. 17, 2013) (explaining two-step process for obtaining default judgment).

2

documents attached to the complaint in ruling on a motion to dismiss under Rule 12(b)(6). *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011). "Where there is a disparity between a written instrument annexed to a pleading and an allegation in the pleading based thereon, the written instrument will control." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n.8 (3d Cir. 1994).

6. Under the doctrine of claim preclusion, "claims that were brought in a previous action" and "claims that could have been brought" are barred. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Claim preclusion applies where there is: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Id.* In considering a Rule 12(b)(6) motion based on claim preclusion, the Court may take judicial notice of prior proceedings between the parties. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988).

7. Plaintiff's claims are barred by the doctrine of claim preclusion. The Court takes judicial notice that Defendants have obtained multiple final judgments on the merits of Plaintiff's Title VII claims in earlier suits among the same parties. *See Anderson v. Gen. Motors Corp.*, 548 F. Supp. 2d 123, 125 & n.2, 127 (D. Del. 2008) (granting summary judgment to GM on Anderson's Title VII discrimination and retaliation claims); *Anderson v. Gen. Motors Corp.*, 2004 WL 725208, at *3-6 (D. Del. Mar. 29, 2004) (dismissing employment discrimination claims against Defendants under Rule 12(b)(6) based on statute of limitations); *Anderson v. GM Local 435*, C.A. No. 98-45-JJF D.I. 1 (D. Del. 1998) (dismissing claims as frivolous); *Anderson v. Gen. Motors*, 817 F. Supp. 467, 469 (D. Del. 1993) (granting summary judgment to Defendants on Title VII claim). Although Plaintiff alleges that new evidence has arisen about his

3

injuries and alleged discrimination by Defendants, the allegations in his pending complaint are essentially the same as his prior suits.³ All of Plaintiff's claims either "were brought in a previous action" or "could have been brought" in a previous action. *See In re Mullarkey*, 536 F.3d at 225. Because final judgment on the merits of Plaintiff's employment discrimination claims against Defendants have previously been entered, claim preclusion bars these claims. *Id.*

8. To the extent that Plaintiff's present claims for pain and suffering damages for a shoulder injury arise out of state law, they are barred by claim preclusion, because they could have been brought in his earlier cases, and are also barred by Delaware's Workers Compensation Act. Although the claim is written as if it is trying to allege the non-physical tort of fraud, Plaintiff is essentially seeking recovery for physical damages occurring in the workplace. Under Delaware law, the Workers' Compensation Law bars any such claim, as Workers' Compensation is the exclusive remedy for workplace injuries. *See Mergenthaler v. Asbestos Corp. of Am.*, 480 A.2d 647, 650 (Del. 1984); *see also* 19 Del. Code § 2304.

9. Yet another deficiency with respect to Plaintiff's claim arising out of the alleged insurance policy is that Plaintiff's allegations appear to be contradicted by exhibits attached to the complaint. *See ALA*, 29 F.3d at 859 n.8. While Plaintiff alleges he was hired by GM on August 31, 1981 (D.I. 1 at 2-3, 6), the documents attached to the pleadings show that he was terminated on September 21, 1981, and later re-hired on June 25, 1982 (D.I. 1 at 7-8). In prior

---

³The only differences between Plaintiff's current complaint and his prior Title VII complaint are some information about an injury and the inclusion of a worker's compensation claim. Plaintiff argues that his injury was undiscovered until after the filing of the complaint and was covered up by Defendants. The exhibits attached to the complaint contradict Plaintiff's allegation that there is new evidence, as they explain that Plaintiff "claimed disability commencing October 11, 1982." (D.I. 1 at 52)

4

litigation among the parties, this timeline was undisputed. *See Anderson*, 817 F. Supp. at 468. The exhibits show that since Plaintiff was last hired after March 1, 1982, he would not have been entitled to any insurance coverage until February 1983, the month after he had been employed for six months. (D.I. 1 at 5, 52-54) Although the relevant clause of the insurance policy is cut off in the copy attached to the complaint (*id.* at 5), the attached letter from GM explains that "[a]n employee hired on or after March 1, 1982, shall be eligible [for] Sickness and Accident benefits on the first day of the sixth (6th) month next following the month in which employment with General Motors commences subsequent to his most recent hiring date" (*id.* at 53-54). Given the documents attached to the complaint, as well as the previously undisputed facts as to the timing of Plaintiff's most recent hiring date by GM was June 25, 1982, his claims for violation of an insurance policy in October 1982 must fail, because Plaintiff had not at that date been employed for six months, so he was not yet covered by the insurance policy.[4]

Accordingly, for the reasons stated above, GM's motion to dismiss under Rule 12(b)(6) (D.I. 13) is GRANTED, Plaintiff's motion for leave to file a sur-reply (D.I. 25) is DENIED, and Plaintiff's motion for a default judgment under Rule 37(b)(2)(A) (D.I. 19) is DENIED. Additionally, GM's request that Plaintiff pay GM's fees and expenses (*see* D.I. 24) is DENIED and Plaintiff's request for leave to file an amended complaint (*see* D.I. 21 at 1) is DENIED as amendment would be futile.

---

[4]This is in addition to the ERISA pre-emption problem Plaintiff also confronts. *See Shaw v. Delta Airlines, Inc.*, 462 U.S. 85 (1983).

IT IS FURTHER ORDERED that the parties shall provide the Court a joint status report no later than October 15, 2014.

_____
UNITED STATES DISTRICT JUDGE