IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROLAND C. ANDERSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 12-1119-LPS |
| LOCAL 435 UNION, | : |
| Defendant. | : |

Roland C. Anderson, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 24, 2017
Wilmington, Delaware



STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Roland C. Anderson ("Plaintiff") filed this action against Defendants United Auto Workers Local 435 ("Local 435") and General Motors LLC ("GM") (together, "Defendants") on September 11, 2012. (D.I. 1) The claims against GM were dismissed on September 30, 2014. (*See* D.I. 27) Pending before the Court are Plaintiff's motions to execute judgment, construed as motions for default judgment, and a motion to correct the case caption. (D.I. 50, 52, 53)

## II. BACKGROUND

Local 435 was served with process on October 4, 2012. (D.I. 7) A Clerk's entry of default was docketed on April 11, 2016, after Local 435 had not answered or otherwise appeared. (D.I. 44) The claims raised against Local 435 are virtually identical to those raised against GM. Plaintiff now seeks default judgment on the claims raised against Local 435. (*See* D.I. 50, 53)

Plaintiff has filed two other lawsuits against Local 435 in this court. The first, *Anderson v. GM Local 435*, Civ. No. 98-045-JJF, was filed as a civil rights action and was dismissed as frivolous on January 22, 1998. The second, *Anderson v. General Motors Corp.*, Civ. No. 03-275-JJF, was filed on March 12, 2003, and raised Title VII discrimination claims against GM and alleged that Local 435 failed to inform Plaintiff of GM's alleged discriminatory conduct, and also that it violated § 301(a) of the Labor Management Relations Act, the Americans with Disability Act, and 42 U.S.C. § 1983. On March 29, 2004, all claims were dismissed as time-barred. *See Anderson v. General Motors Corp.*, 2004 WL 725208 (D. Del. Mar. 29, 2004).

## III. LEGAL STANDARDS

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Animal Sci. Prods., Inc. v. China*

1

*Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment, the Court must: (1) determine it has jurisdiction both over the subject matter and the parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); *Wilmington Sav. Fund Soc., FSB v. Left Field Props., LLC*, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

## IV. DISCUSSION

The Court concludes that it has subject matter jurisdiction over the issues raised by Plaintiff and personal jurisdiction over Local 435, which is located in Wilmington, Delaware. Local 435 was served pursuant to Fed. R. Civ. P. 4(e) in Delaware through an agent authorized to accept service on its behalf. (*See* D.I. 6) Plaintiff alleges violations of employment discrimination laws, labor laws, tort law, and an employee insurance policy, seeking as relief back pay, restoration of benefits, and damages for pain and suffering.

As noted above, the claims raised against Local 435 are virtually identical to those raised against GM – and those claims were dismissed pursuant to Fed. R. Civ. P. 12(b)(6). As with his claims against GM, Plaintiff has failed to state claims upon which relief may be granted against Local 435, by reason of the doctrine of claim preclusion. In addition, the claims are barred by Delaware's Workers Compensation Act and are also contradicted by exhibits attached to the Complaint. (*See* D.I. 27) (Sept. 30, 2014 Order dismissing all claims against GM as barred by doctrine of claim preclusion, Delaware's Workers Compensation Act, and contradicted by exhibits attached to

2

Complaint) Because the Complaint fails to state a claim upon which relief may be granted, entry of default judgment is not appropriate. Therefore, the Court will deny Plaintiff's motions for entry of default judgment. (D.I. 50, 53)

The Court will also deny Plaintiff's motion to correct the case caption found in the April 29, 2016 order. (D.I. 52) The caption contains the name of Local 435, but not GM's name. Plaintiff asks the Court to include GM in the caption. There is no need to do so. At the time the order was entered, GM had been dismissed as a defendant.

## V.     CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motions (D.I. 50, 52, 53); and (2) dismiss the action without prejudice. An appropriate Order will be entered.